

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00004-CR

_____

SEAN OWENS-TOOMBS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 46568-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Sean Owens-Toombs pled guilty to a charge of aggravated robbery and requested punishment be assessed by a jury. The jury recommended a sentence of fifty-five years' imprisonment, and the trial court assessed punishment accordingly. On appeal, Owens-Toombs claims error in the trial court's refusal to appoint a mitigation expert to assist in preparation for his punishment case. We affirm.

## I.    *Ake* and an Accused's Right to Expert Witnesses

An indigent accused person has the right, in appropriate situations, to the appointment of an expert witness to assist in presenting his defense. *See Ake v. Oklahoma*, 470 U.S. 68 (1985). In *Ake*, the defendant was charged with murder, and the State sought the death penalty.[1] The trial court rejected Ake's pretrial request for evaluation by a psychiatrist or funds to hire a psychiatrist to examine Ake's sanity at the time of the offenses.[2] Because Ake's "mental state at the time of the offense was a substantial factor in his defense," *id*. at 86, and because Ake made a "threshold showing to the trial court" of this fact, *id*. at 82, the United States Supreme Court held that Ake was entitled to a "competent psychiatrist who w[ould] conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense," *id*. at 83. Thus, in *Ake*, the

---

[1]Ake was charged with, and convicted of, two murders and two counts of shooting with intent to kill. He was assessed the death penalty on the two murder convictions and 500 years' confinement on the two shooting charges. *Ake*, 470 U.S. at 73.

[2]At arraignment, Ake's bizarre behavior caused the trial court to sua sponte order a psychiatric evaluation. *Id*. at 71. Ake was committed to a state psychiatric hospital. *Id*. He was examined and found not competent to stand trial. *Id*. After six weeks, it was found he could, if specifically medicated, be stabilized and competent to stand trial. *Id*. at 71–72. None of the state's psychiatric examinations considered Ake's sanity at the time of the offenses. *Id*. at 72.

Supreme Court established that, in certain circumstances, a defendant charged with a criminal offense has a right to the appointment of expert services at the State's expense upon proper request.

## II. Owens-Toombs Failed to Make Threshold Showing

A trial court's ruling on a defendant's request for a court-appointed expert is reviewed for an abuse of discretion. *Griffith v. State*, 983 S.W.2d 282, 287 (Tex. Crim. App. 1998). One seeking state-funded assistance of an expert witness must "make a sufficient threshold showing of the need for the expert's assistance." *Id.* at 286–87. A defendant who "offer[s] little more than undeveloped assertions that the requested assistance would be beneficial" fails to show a due process violation in the trial court's denial of the requested expert. *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985). The Texas Court of Criminal Appeals has held that one who "offer[s] nothing but undeveloped assertions that the requested assistance would be beneficial" fails to make a threshold showing of need for an appointed expert. *Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996); *see also Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995).

In *Rey*, the defendant produced an affidavit that "seriously questioned the findings in the autopsy report as to the mechanism of death and raised questions about the thoroughness and quality" of the pathologist who performed the autopsy. *Rey*, 897 S.W.2d at 340. Accordingly, the Texas Court of Criminal Appeals ruled that the trial court erred in denying Rey's motion for appointment of an expert witness. *Id.* at 343.

Here, Owens-Toombs filed a pretrial motion for appointment of an expert witness. The motion requested appointment of a licensed psychologist, Jennifer Russell, "for the purpose of completing and drafting a mitigation report, as well as testifying at [Owens-Toombs]' trial." He

3

provided no affidavit, argument, or explanation as to how Russell's testimony might be beneficial or helpful to his case. Also, there is no indication that Owens-Toombs sought a hearing to present evidence on his need for an expert at the state's expense. Consequently, the trial court could easily have found Owens-Toombs failed "to make a sufficient threshold showing of the need for the expert's assistance." *Griffith*, 983 S.W.2d at 286–87. There being no abuse of discretion by the trial court, we overrule Owens-Toombs' point of error.

The trial court's judgment and sentence are affirmed.


Ralph K. Burgess
Justice

Date Submitted:    June 24, 2019
Date Decided:      June 27, 2019

Do Not Publish

4